## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MARLOS REYNOLDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-cv-00032-SEP |
| | ) |
| MERRICK BANK CORP., et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

Before the Court is Plaintiff Marlos Reynolds's motion for leave to proceed *in forma pauperis*, Doc. 2, and motion for appointment of counsel, Doc. 3. Having reviewed the motion for leave to proceed *in forma pauperis* and the financial information provided therein, the Court concludes that Plaintiff is unable to pay the filing fee, and the motion is granted. Additionally, for the reasons set forth below, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and the motion for appointment of counsel is denied as moot.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pled facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," a court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15; nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff filed his Complaint on January 7, 2022, to assert claims pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq*. Plaintiff prepared the Complaint using a combination of a handwritten Court-provided civil complaint form, and a typewritten document containing mostly boilerplate language. The typewritten document is titled "Complaint for Damages and Injunctive Relief for Violation of: The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, Est [sic] Seq.; and Fair Credit Reporting Act (FCRA) Jury Trial Demanded." Doc. 1 at 10.

Plaintiff claims to bring this action on behalf of himself and members of an unspecified class. Plaintiff identifies Defendants as Merrick Bank Corp.; Equifax Information Services; Transunion Holding Company; Experian Information Solutions; and an unspecified number of fictitious defendants. The fictitious defendants are identified as "DOES," and described as:

> natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the violative policies and procedures used by the employees of the named defendants that are the subject of this complaint.

*Id.* at 13. Plaintiff claims that the "DOES" "personally control, and are engaged in, the illegal facts, policies, and practices utilized by the named Defendants and, therefore, are personally liable for all the wrongdoing alleged in this complaint." *Id.*

2

Plaintiff's claims relate to his credit card account. According to information in Plaintiff's exhibits, the account was initiated with Merrick, and in April 2020, was referred to a collection agency for nonpayment. Plaintiff states that he has asked "all three major credit bureaus" "to remove the false reporting and inaccurate data by a furnisher." *Id.* at 14. Plaintiff does not identify the "furnisher" to which he refers. In the section of the civil complaint form titled "Statement of Claim," Plaintiff sets forth his claims as follows:

> My Consumer Rights continue to get violated and its affecting my credit score reputation, and character about being credit worthy. Also, the Credit Reporting Agencies (Experian, Equifax, & Transunion) Merrick Bank failed to comply with federal laws that protects me as a consumer by ignoring my request and reporting false, deceptive, inaccurate, and misleading information. They are in violation of all of 15 USC 1692 and all of 15 USC 1681.
>
> There where multiple letters and information sent to them about the violations. I repeatedly received letters back that never answered nor sent back the proper information that I requested.
>
> I started disputing this account for over a year but I have letters starting from April 5, 2021.
>
> This has been causing stress and frustration because I have been denied credit such as car loans, credit cards, & etc. Defaming my character and as a result labeled as not being credit worthy.

*Id.* at 9. Elsewhere in the complaint, Plaintiff writes:

> Plaintiff MARLOS REYNOLDS Pro Se, individually, filed this action seeking damages against Defendant(s) Merrick Bank Corporation (Merrick Bank), EQUIFAX INFORMATION SERVICES, INC. (EQUIFAX) TRANSUNION HOLDING COMPANY, INC. (TRANSUNION) EXPERIAN INFORMATION SOLUTIONS, INC. (EXPERIAN) for violation of Fair Credit Reporting Act (FCRA). Creditors and debt collectors should be held accountable for these unethical and unlawful practices. If you are being harassed or subjected to any of these, deceptive, or abusive debt collection practices, I am demanding to hold Merrick Bank accountable. MARLOS REYNOLDS do not owe MERRICK BANK, I deny any and all alleged debt claim is owed to Merrick Bank Corporation (Merrick Bank) . . . Plaintiff brings this action for the illegal practices of Defendants who used unfair, unconscionable, false, deceptive and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt.

3

*Id.* at 11 (emphases in original).[1]

Plaintiff repeatedly states in conclusory fashion that federal law was violated by "Defendant" or "Defendants." Plaintiff does not connect any alleged act or omission of any particular Defendant with the violation of any particular federal law. For example, without previously identifying any particular defendant, Plaintiff writes: "Due to Defendant's acts, Plaintiff has suffered anxiety, anger, frustration, and stress. Plaintiff is entitled to statutory damages. Defendant's negligent and noncompliant acts may have been a direct violation of 15 U.S.C. § 1681(n) and 15 U.S.C. § 1681(o) and 18 U.S.C. 1028, respectively." *Id.* at 12.

Attached to the Complaint are copies of correspondence to and from Merrick, with copies of Plaintiff's credit card statements. In a letter from Merrick dated March 26, 2021, Merrick acknowledges Plaintiff's complaints to the FDIC and the Better Business Bureau, advises that responses were provided to those agencies, and provides Plaintiff with information purporting to validate his debt. The letter also notes receipt of Plaintiff's consumer dispute forms filed with credit reporting agencies, and states that the account was investigated, the accuracy of the information was confirmed, and the appropriate responses were provided to the credit reporting agencies. Plaintiff provides copies of similar letters from Merrick, dated August 9, 2021, and September 22, 2021, that state they were sent in response to correspondence and to validate the debt. The letters confirm that accurate information was provided to credit reporting agencies. Plaintiff claims Merrick failed to provide "written consent bearing [his] signature," "full disclosure of investigation details, [or] full disclosure of the alleged debt bill of sale." *Id.* at 13. However, he does not explain what he means by that or clearly describe information he believes was wrongfully omitted; nor does he connect the omission of any information to any alleged violation of federal law.

Plaintiff also provides a copy of an April 5, 2021, letter he sent to Equifax. The letter indicates that carbon copies were sent to Transunion and Experian. In the letter, Plaintiff asked that the account be deleted "because it has so many violations on the my [*sic*] consumer report with all the inaccuracies." Doc. 1-3 at 3. Plaintiff listed various inconsistencies, including slightly different opening dates, and the fact that one agency reported the account as having a past due balance even though it was a collections account. Plaintiff did not claim that any agency erroneously reported that he owed the debt in the first place, or that the account was

---

[1] The block quoted text is quoted without correction of spelling or grammatical errors.

charged off after he failed to pay.  And he does not allege with any specificity that Equifax, Transunion, or Experian failed to act upon his letter.

As relief, Plaintiff states that he wants "this alleged account from Merrick Bank to be removed/deleted from Consumer Report."  Doc. 1 at 9.  He also "wants them to pay for their violation against [him] as a Consumer."  *Id.*  He also asks the Court to award damages to him and "the members of the Class," and to award him other forms of relief, including an "incentive reward."  *Id.* at 14.

## DISCUSSION

Having carefully reviewed and liberally construed the Complaint, the Court finds that it fails to survive review under 28 U.S.C. § 1915(e)(2)(B) and should be dismissed at this time. Plaintiff indicates an intent to seek relief, at least in part, on behalf of persons other than himself. But Plaintiff lacks standing to seek relief on behalf of others.  *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties").  Additionally, there is no indication that Plaintiff is a licensed attorney.  A non-attorney *pro se* litigant may not represent someone else in federal court.  *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("because pro se means to appear for one's self, a person may not appear on another's behalf in the other's cause . . . .  A person must be litigating an interest personal to him . . . ."); and *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (a person who is not licensed to practice law may not represent another individual in federal court).

Plaintiff also indicates an intent to sue an unspecified number of fictious defendants. Generally, fictitious parties may not be named as defendants in a civil action.  *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994).  An action may proceed against a party whose name is unknown, but only if the complaint makes sufficiently specific allegations to permit identification of the party after reasonable discovery.  *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).  In this case, Plaintiff has failed to make specific allegations as to the fictitious defendants such that their identities could be ascertained after reasonable discovery.  The fictitious defendants are not only unidentified; they are also indeterminate in number.  That is

5

impermissible. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

Plaintiff also states that he seeks relief against Defendants for violations of the FDCPA. The FDCPA's purpose "is to eliminate abusive debt collection practices by debt collectors, and to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 318-19 (8th Cir. 2004). The FDCPA authorizes private lawsuits and fines in order to prevent debt collectors from engaging in prohibited practices. *Coyne v. Midland Funding, LLC*, 895 F.3d 1035, 1037 (8th Cir. 2018) ("The FDCPA is a consumer-protection statute authorizing private lawsuits and weighty fines to deter wayward collection practices . . . ."). "To establish a prima facie case in an action for violation of the Fair Debt Collection Practices Act, the plaintiff must plead and prove (1) the defendant was a debt collector, (2) the defendant's conduct in attempting to collect a debt was prohibited by the Act and (3) the debt was a consumer debt." *Webb v. SuddenLink Commc'ns*, 2010 WL 3940905, at *1 (E.D. Mo. Oct. 6, 2010). Here, plaintiff does not identify any Defendant as a debt collector; nor does he allege that any Defendant engaged in any debt collection practice at all, much less one that violated the FDCPA. Plaintiff does provide copies of letters he received from Merrick, but he does not allege that Merrick sent any letter in an attempt to collect a debt; nor can the letters be reasonably interpreted as such. The Court concludes that the Complaint fails to state a plausible FDCPA claim against any named Defendant. Even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law, *Martin*, 623 F.2d at 1286, and this Court cannot assume facts that are not alleged. *See Stone*, 364 F.3d at 914-15.

Plaintiff also claims that Defendants are liable to him for violating the FCRA. Congress enacted the FCRA to ensure "that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *McIvor v. Credit Control Services, Inc.*, 773 F.3d 909, 915 (8th Cir. 2014). The FCRA places responsibilities on both a credit reporting agency (CRA) and those that furnish a CRA with information. *Id.* When a consumer directly disputes a debt with a CRA, the CRA must "conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" if it is "inaccurate, incomplete, or cannot be verified." 15 U.S.C. §§ 1681i(a)(1)(A), (5)(A). In this case, Plaintiff

6

does not specifically identify each of the four named defendants as a CRA or a furnisher of information.  Nevertheless, the Court will liberally construe the Complaint as identifying Merrick Bank as a furnisher of information, and Experian, Transunion, and Equifax as CRAs.

Regarding Merrick, Plaintiff does not state what Merrick did or failed to do to violate the FCRA and instead leaves the matter to the Court's speculation.  Having thoroughly reviewed and liberally construed the Complaint, the Court finds no basis for a plausible FCRA claim against Merrick.  Plaintiff does not identify with any specificity the inaccuracy that Merrick allegedly failed to correct.  Plaintiff does not allege that Merrick failed to investigate after receiving notice of a dispute from a CRA or failed to notify any CRA of the results of an investigation.  In fact, the Complaint and attachments suggest the contrary.  Plaintiff has simply failed to allege any basis for a plausible FCRA claim against Merrick.  *See Echols v. Cavalry Portfolio Services*, LLC, 2021 WL 426255, at *2 (E.D. Mo. Feb. 8, 2021) (discussing FCRA claims against furnishers of information).

Similarly, Plaintiff fails to specify what each CRA defendant did or failed to do in violation of the FCRA.  Plaintiff fails to allege facts permitting the inference that any CRA negligently or willfully failed to follow reasonable procedures intended to ensure accuracy; failed to conduct a reasonable reinvestigation after being notified of any inaccuracy; failed to record the status of any disputed information; or engaged in any other act or omission that would run afoul of the FCRA.  *See Fahey v. Experian Information Solutions, Inc.*, 571 F. Supp. 2d 1082, 1091-92 (E.D. Mo. 2008) (discussing FCRA claims against a CRA).  Instead of alleging facts in support of his claims, Plaintiff refers to Defendants collectively and states in conclusory fashion that they violated federal law.  That type of pleading, in which defendants are treated as an undifferentiated group, is insufficient to provide each particular Defendant with notice of what they are accused of doing or not doing to have harmed Plaintiff.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) ("The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved").  Thus, having thoroughly reviewed and liberally construed the Complaint, the Court finds no basis for a plausible FCRA claim against Experian, Transunion, or Equifax.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel, Doc. 3, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 2nd day of June, 2022.

                                                                              */s/ Sarah E. Pitlyk*
                                                                              SARAH E. PITLYK
                                                                              UNITED STATES DISTRICT JUDGE